# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSCOMP SYSTEMS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P.C. SCALE, INC., A Pennsylvania corporation; Donald P. Tefft, an individual; DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. SACV 08-0840 AG (RZx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## FINDINGS OF FACT

After reviewing the evidence and evaluating the credibility of the witnesses and other evidence, the Court makes the following findings of fact, including any findings of fact found in the Conclusions of Law. The Court specifically finds that witness Tom Stull was a very firm man, and was straightforward and credible in his testimony.

1. The following facts were admitted by the parties and the Court includes them in these findings of fact in the words used by the parties.

    (a) Transcomp and P.C. Scale entered into a certain Asset Purchase Agreement ("APA") dated November 1, 2006 (Plaintiff's Exhibit 1 and Defendants' Exhibit 1007);

    (b) Contemporaneous with the APA, P.C. Scale executed a Promissory Note (the "Note") (Plaintiff's Exhibit 2 and Defendants' Exhibit 1014);

    (c) Contemporaneous with execution of the APA and the Note, Mr. Tefft executed a Guaranty (the "Guaranty") (Plaintiff's Exhibit 3);

    (d) Following the closing of the transaction provided for in the APA, P.C. Scale experienced circumstances which it contends constitute claims under the APA;

    (e) The amount due to Transcomp under the terms of the Note as of July 1, 2008 without regard for any defenses that may be asserted to excuse payment, is the sum of $315,363.98. P.C. Scale and Mr. Tefft did not pay that sum to Transcomp. The reasons asserted as justifying non-payment by both P.C. Scale and Mr. Tefft are the existence of alleged claims that are the subject of the counterclaim herein and the affirmative defenses asserted by P.C. Scale and Mr. Tefft, including

set off.

2. This Court has original diversity jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, $75,000.

3. Transcomp is a California corporation.

4. P.C. Scale is a Pennsylvania corporation and Mr. Donald P. Tefft is a resident of the State of Pennsylvania.

5. Some limitations were placed on allowing P.C. Scale full access to Transcomp's facilities and employees, but these limitations were not unusual or improper for this asset purchase.

6. Under Section 4.5 of the APA, Transcomp represented and warranted that its financial statements for the period ending December 31, 2005 were "true and accurate in all material respects and fairly present the financial position of [Transcomp]."

7. Under Section 4.6 of the APA, Transcomp represented and warranted that no undisclosed liabilities existed except those disclosed in the balance sheet included in the Financial Statement, those incurred in the ordinary course of business and not required to be disclosed in the financial statements, and those incurred in the ordinary course of business since the date of the balance sheet. Transcomp also represented and warranted that no liability existed which was as a result of any breach of contract, tort, or violation of law.

8. Under Section 4.11 of the APA, Transcomp represented and warranted that since the date of the financial statements there had not been ". . . any material adverse change in any material customer of or supplier to the Business or any material adverse change to the Seller's business relationship with any such customers or suppliers."

9. Section 7.8(a) of the APA required that P.C. Scale provide Transcomp with "prompt notice" (meaning within 90 days) of Transcomp receiving notice or otherwise becoming aware of any fact that would give rise to an Indemnification Claim, and further

required the Notice of Indemnification Claim to "set forth in reasonable detail the amount of, and basis for, the Claim and the section and sub-section of [the APA] under which the Claim is being made."

10. On February 20, 2007 Mr. Tefft emailed Transcomp's Chief Operating Officer, Ms. Deanne Beer, to inform her about problems that P.C. Scale encountered with customer accounts.

11. On February 21, 2007 Ms. Beer responded to Mr. Tefft's email stating, "I'm sorry to hear you're having collection issues."

12. On February 21, 2007, Mr. Tefft sent a follow up email to Ms. Beer with further details about the receivables.

13. On February 22, 2007, Ms. Beer acknowledged receipt of Mr. Tefft's follow up email and stated, "Don, I shared your email and concerns with Tom [Stull] and he's sorry to hear you are having problems with the receivables . . . ." She also stated, "You may wish to have your legal counsel review the [APA]."

14. On July 1, 2008, P.C. Scale sent a letter to Ralph Cassady, Esq., legal counsel for Transcomp, setting forth claims against Transcomp. Mr. Cassady sent this letter to Mr. Tefft on July 2, 2008, by overnight.

15 P.C. Scale did not give the required "prompt notice" within the time required by the APA, nor did it ever provide a notice setting forth the specific categories of information required by the APA.

16. The emails sent by P.C. Scale in February 2007 did not have the information required by the APA, and were not sent out in the manner required by Section 9.5 of the APA.

17. The letter sent by P.C. Scale to Ralph Cassady, Esq., counsel for Transcomp, on or about July 1, 2008, did not constitute a valid Notice of Indemnification Claim under section 7.8(a) of the APA for each and all of the following reasons: it was not sent "promptly, " meaning within 90 days of learning the facts on which an Indemnification Claim was based; it did not include all of the various categories of

information required by section 7.8(a) of the APA to be included in an Indemnification Claim; it was not sent to the person to whom Notices were required to be sent by section 9.5 of the APA; and, it was sent after third-party claims had been resolved by P.C. Scale, thereby depriving Transcomp of the ability to assume and direct the investigation and defense of such claims and also depriving Transcomp of the ability to consent, or withhold consent, to any proposed settlement of such claims, which rights were reserved to Transcomp in section 7.8(b) and (c) of the APA.

18. Section 7.8 of the APA provides (in subdivisions (b) and (c)) that where an Indemnification Claim is based upon a liability or potential liability to a third party, Transcomp reserved the right "to assume and direct the investigation and defense of the Claim" and prohibited P.C. Scale from settling any third party claim without Transcomp's consent. P.C. Scale did not allow Transcomp "to assume and direct the investigation and defense of" claims and P.C. Scale settled third party claims without seeking or obtaining prior consent from Transcomp.

19. Section 7.8 of the APA provides, in subdivision (d), that the failure of P.C. Scale to give prompt notice of an Indemnification Claim "shall constitute a waiver and release of [the Transcomp] obligation to indemnify [P.C. Scale] . . . as to the Claim." P.C. Scale's failure to give prompt notice as required by Section 7.8(a) of the APA thus results in a waiver and release of any and all rights to indemnification that may have otherwise existed under the express language of the APA.

**CONCLUSIONS OF LAW**

The Court makes these conclusions of law, including any conclusions of law found in the Findings of Fact.

20. The claims which are the subject of all of the P.C. Scale defenses, and which are the subject of the counterclaim, are Indemnification Claims under the APA. This issue was largely addressed by this Court's Order filed on February 23, 2009

5

(Document Number 22).

21. P.C. Scale has not established any breach of contract, any breach of the implied covenant of good faith and fair dealing, any fraud, or any negligent misrepresentation.

22. P.C. Scale did not comply with the notice requirements of either of Sections 7.8 or 9.5 of the APA concerning its Indemnification Claims.

23. The failure of P.C. Scale to comply with the APA was not excused by substantial compliance, or in any other way.

24. P.C. Scale has waived all Indemnification Claims which may have otherwise arguably arisen under the terms and provisions of the APA.

25. P.C. Scale has released all Indemnification Claims which may have otherwise arguably arisen under the terms and provisions of the APA.

26. P.C. Scale has not demonstrated a viable defense to the claim of the Transcomp complaint, and neither P.C. Scale nor Mr. Tefft have shown a meritorious basis for the counterclaim.

27. P.C. Scale is required to make the payment due to Transcomp under the APA and the Note in the sum of $315,363.98, and there exists no legal defense to the making of that payment.

28. Upon P.C. Scale's default in paying the $315,363.98 to Transcomp, Mr. Tefft became responsible for payment of that sum on his Guaranty.

29. Transcomp is entitled to judgment against P.C. Scale and Donald P. Tefft, jointly and severally, in the principal sum of $319,363.98.

## DISPOSITION

Transcomp's counsel is directed to prepare a draft judgment and serve it on P.C. Scale by August 27, 2010, together with any briefing concerning whether any other amount should be added to the $315,363.98 principal amount of the judgment before its

| | |
|---|---|
| 1 | entry, and if so, the calculations for such amount. P.C. Scale shall have 21 days from the |
| 2 | date of service of the proposed judgment to object to the proposed judgment and to |
| 3 | submit any briefing disputing the amount Transcomp proposes for this judgment. If any |
| 4 | motions remain pending at this time, they are denied. Federal Rule of Civil Procedure |
| 5 | 52(b) will apply on entry of the judgment. |

IT IS SO ORDERED.

DATED: August 10, 2010

Andrew J. Guilford
United States District Judge